MEMORANDUM **
Defendant Deonte Santos was convicted of using a facility or means of interstate commerce to persuade, induce, and entice *224 a minor to engage in unlawful sexual conduct, and aiding and abetting, in violation of 18 U.S.C. §§ 2422(b) and 2 (Count I), and sex trafficking of a child, and aiding and abetting, in violation of 18 U.S.C. §§ 1591(a)(1) and 2 (Count II). Defendant appeals his conviction on Count II only. 1. We review de novo a challenge to the sufficiency of evidence. United States v. Schales, 546 F.3d 965, 974 (9th Cir.2008), cert. denied, — U.S. -, 129 S.Ct. 1397, 173 L.Ed.2d 640 (2009). We must view the evidence in the light most favorable to the government and determine whether “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. Odom, 329 F.3d 1032, 1034 (9th Cir.2003).
Sufficient evidence supports the jury’s finding that Defendant’s actions affected interstate commerce. He used a cell phone whose service provider is T-Mobile, a business in interstate commerce, to recruit the minor, manage her prostitution, and arrange her travel from Los Angeles to Seattle. He made numerous interstate calls using this phone. He used America Online instant messaging to coax the minor to work for him as a prostitute. See United States v. Sutcliffe, 505 F.3d 944, 953 (9th Cir.2007) (holding that the electronic submission of information across state lines qualifies as “in or affecting interstate commerce” (internal quotation marks and brackets omitted)). Finally, he provided the minor with Durex condoms, which are manufactured abroad and imported into the United States through ports in Los Angeles and Charleston, South Carolina.
2. We review the district court’s formulation of jury instructions for an abuse of discretion, considering “‘the instructions as a whole, and in context.’ ” United States v. Franklin, 321 F.3d 1231, 1240-41 (9th Cir.2003) (quoting United States v. Stapleton, 293 F.3d 1111, 1114 (9th Cir.2002)). We review de novo whether a jury instruction correctly states the law. Dang v. Cross, 422 F.3d 800, 804 (9th Cir.2005). Whether an instruction violates due process by creating an unconstitutional presumption or inference likewise is subject to de novo review. United States v. Warren, 25 F.3d 890, 897 (9th Cir.1994).
The district court correctly formulated the jury instruction at issue. The district court properly directed the jury to decide whether Defendant’s actions had a minimal effect on interstate commerce. Further, the district court’s definitions of “in interstate commerce” and “affects interstate commerce” properly stated the law. The jury instruction also did not create an unconstitutional presumption or inference because it did not instruct the jury that any element had been satisfied, nor did it unduly focus on a single fact in a manner that created a danger of ignoring other evidence.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.